IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 24, 2012 Session

# WILLIAM H. THOMAS, JR. v. TENNESSEE DEPARTMENT OF TRANSPORTATION ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 100038-IV      Russell T. Perkins, Chancellor**

---

**No. M2011-02530-COA-R3-CV - Filed November 27, 2012**

---

Petitioner challenges the decision of the Tennessee Department of Transportation denying his application for a billboard permit because his proposed location was within 1000 feet of another permit location. He contends the Department erroneously deviated from its regulation requiring permit applications for locations within 1000 feet of each other to be considered on a "first come first served" basis, insisting he submitted a "complete" application before the applicant who was granted a permit for the nearby location. The Chancery Court summarily dismissed the petition, finding it constituted an impermissible collateral attack on the Department's decision to grant a permit to the other applicant. The court also found that the Department complied with its rules in issuing the permit to the other applicant and denying the petitioner's application because petitioner's location was less than 1000 feet away from the other applicant's location. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

William H. Thomas, Jr., Memphis, Tennessee, Pro Se, and Jonathan L. Miley, Nashville, Tennessee, Oral Argument for the appellant, William H. Thomas, Jr.

Robert E. Cooper, Attorney General & Reporter, and Bruce M. Butler, Assistant Attorney General, for the appellee, Tennessee Department of Transportation.

Robert L. J. Spence, Jr., Memphis, Tennessee, for the appellee, Clear Channel Outdoor, Inc.

**OPINION**

This controversy arose in 2005 after two competing applications for Outdoor Advertising Device Permits (permits for billboards) were filed with the Beautification Office of Respondent Tennessee Department of Transportation ("the Department" or "TDOT"). Outdoor Advertising Device Permits are required by the Billboard Regulation and Control Act of 1972 for the construction or maintenance of any billboard located within 660 feet of an Interstate or State Highway. *See* Tenn. Code Ann. §§ 54-21-101 through -121.[1] Existing permits are required to be renewed on an annual basis. *See id.* at -104(c).

In the fall of 2005, the Department notified Clear Channel Outdoor, Inc. ("Clear Channel") that its permits for an existing double-sided billboard located at log mile 14.65 on Alcy Road off of Interstate 240 in Memphis had expired, and that Clear Channel needed to apply for new permits or remove the billboard.[2] Clear Channel submitted its application to renew the permits on October 19, 2005. Three weeks later, on November 7, 2005, William H. Thomas, Jr. ("Thomas") submitted an application for a double-sided billboard to be located at log mile 14.48, which was 938 feet from the location that was the subject of Clear Channel's pending application. Both sites were on the same side of Interstate 240.

Thomas's application sparked the current controversy because TDOT Rule 1680-2-3-.03(1)(a)4(i)(I) provides that billboards shall not be spaced "less than 1000 feet apart on the same side of the highway." Thus, only Clear Channel or Thomas, but not both, could receive the requested permits. TDOT Rules also provide that applications for billboard permits are to be "considered on a first come first served" basis. Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)5(i) (2005).[3] As a consequence, the Department first considered the application of Clear Channel, which applied three weeks before Thomas did. The review process took several months, significantly longer than most, due in part to several intervening grievances filed by Thomas.

On September 18, 2006, the Department granted Clear Channel's application and issued permits 79-3214 and 79-3215 for its existing double-sided billboard. That same day

---

[1]Tennessee's Billboard Regulation and Control Act of 1972 was enacted to comply with the mandatory provisions of Federal Highway Beautification Act of 1965. 23 U.S.C. § 131.

[2]Clear Channel and its predecessors have owned and maintained billboards in this location since 1992.

[3]The current version of the Rule, effective December 2008, retains the "first come first served" provision at Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)7(v). Unless otherwise noted, this opinion refers to the version of the Rule in effect in 2005.

the Department denied Thomas's application because his proposed location was less than 1,000 feet away from the Clear Channel location, for which permits had been issued, and because his proposed location was not comprehensively zoned for commercial and industrial use.

Thomas requested an administrative hearing on October 12, 2006 to challenge the denial of his application. Upon Thomas's motion, Clear Channel was joined as an additional respondent (along with the Department). All three parties filed motions for summary judgment. Administrative Law Judge Randall LaFevor granted Respondents' motions and denied Thomas's motion by order dated October 24, 2008. The Commissioner of TDOT, Gerald Nicely, subsequently affirmed Judge LaFevor's decision by order dated November 12, 2009. Thomas timely filed a Petition for Judicial Review of Commissioner's Final Order in the Davidson County Chancery Court pursuant to the Tennessee Uniform Administrative Procedures Act, Tennessee Code Annotated § 4-5-322.

On September 22, 2011, the trial court entered an order affirming the Department's decision to grant the permits to Clear Channel and deny the permits to Thomas. Thomas subsequently filed a Motion for Reconsideration, which the trial court denied on October 24, 2011. Thomas appealed.

**ANALYSIS**

The cornerstone of Thomas's Petition for Judicial Review is that the Department erred in issuing permits to Clear Channel instead of issuing permits to Thomas. He argues the Department should have rejected Clear Channel's application as incomplete upon receipt, refused to process that application and processed Thomas's application on the "first come first served" basis, contending his application was the first complete application filed for the location at issue.

The Department asserts that Thomas is collaterally attacking the Department's issuance of permits to Clear Channel; Thomas insists he is not. We have concluded the Department is correct on this point because in order for Thomas to prevail, the Department must rescind the permits issued to Clear Channel and Thomas lacks standing to directly challenge the Department's decision to issue the permits to Clear Channel.

I. COLLATERAL ATTACK

For Thomas to be issued permits for the location at issue the Department must first rescind the permits issued to Clear Channel. This is because state law prohibits the issuance of two permits for billboard locations within 1000 feet of each other on the same side of the

highway, Tenn. Comp. R. & Regs. 1680-2-3-.03(4), and it is undisputed that Thomas's proposed location is less than 1000 feet from that of Clear Channel on the same side of Interstate 240. It is for this reason that Thomas is attempting to impeach, overturn or declare invalid the Department's 2006 decision to issue the permits to Clear Channel.

The Tennessee Supreme Court explained the distinction between direct attacks, which generally are permissible, and collateral attacks, which generally are not, in *Turner v. Bell*, 198 S.W.2d 71 (1955). The opinion states:

> If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it. . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral.

*Id.* at 75; *see also* 47 Am. Jur. 2d Judgments § 744 (2012) ("[I]f a party is not entitled to the relief sought in a proceeding unless the judgment in another action is adjudicated invalid, it constitutes a collateral attack."). The rule was applied to decisions of administrative agencies in *State v. Sandefur*, 389 S.W.2d 266 (Tenn. 1965).

The Uniform Administrative Procedures Act ("UAPA") only provides for judicial review of administrative decisions in contested cases. Tenn. Code Ann. § 4-5-322(a)(1). Clear Channel's application for a permit and the procedure or protocol by which the Department issued the permits to Clear Channel was not a contested case proceeding as that term is defined in the UAPA. This is because the Department was not required to grant Thomas a hearing before acting on Clear Channel's application. Tenn. Code Ann. § 4-5-102(3) ("'Contested case' means a proceeding, . . . in which the legal rights, duties or privileges of a party *are required by any statute or constitutional provision* to be determined by an agency after an opportunity for a hearing." (emphasis added)); *see also Mid-South Indoor Horse Racing, Inc. v. Tenn. State Racing Comm'n*, 798 S.W.2d 531, 537 (Tenn. Ct. App. 1990).

Thomas has not identified any provision of the Billboard Regulation and Control Act of 1972, *see* Tenn. Code Ann. §§ 54-21-101 through -123, the Department's Rules and Regulations, Tenn. Comp. R. & Regs. 1680-2-3-.03, or any other regulation or statute which required the Department to grant Thomas a hearing - a contested case hearing - before issuing the permits to Clear Channel. Thus, Thomas is not entitled to judicial review of the Department's decision to grant permits to Clear Channel under the UAPA, Tennessee Code Annotated § 4-5-322.

Therefore, Thomas does not have standing to directly attack the Department's decision to issue the permits to Clear Channel and a determination of an administrative agency with jurisdiction and authority of law is not subject to a collateral attack in the absence of fraud or bad faith. *Sandefur*, 389 S.W.2d at 271.

Thomas's assertion that the Department mishandled Clear Channel's application constitutes a collateral attack on the Department's decision to issue permits to Clear Channel in 2006 and the record contains no evidence of fraud or bad faith in regard to that decision; thus, Thomas's collateral attack on that decision must fail.

Although the foregoing decision renders Thomas's challenge to the following issue futile, for purposes of completeness we have decided, as the trial court did, to discuss Thomas's assertion that he should have been issued the permits at issue because the Department failed to comply with Rule 1680-2-3-.03(1)(a)5(i) when it decided to issue the permits to Clear Channel.

## II. TENN. COMP. R. & REGS. 1680-2-3-.03(1)(a)5(i)

Thomas asserts the Department violated Rule 1680-2-3-.03(1)(a)5(i) when it allowed Clear Channel to submit additional documentation in support of its application after Thomas submitted his application. Thomas argues that when the Legal Office determined the documentation Clear Channel originally submitted was not sufficient to establish that it had the right to erect and maintain billboards at the location, the Department was required to declare the application "incomplete" and return it "without action."

The rule in effect at the time provided:

An application for an outdoor advertising permit must be filed with the Highway Beautification Headquarters Office in Nashville accompanied by check or money order made payable to the Tennessee Department of Transportation for the seventy-five ($75.00) dollar application fee. A detailed sketch of the location must be provided. Permit applications will be considered on a first come first serve basis. The applicant must either show proof of ownership of the property or submit a valid land lease or an affidavit signed by the property owner stating that permission has been given to erect this particular outdoor advertising device. The property owner's signature must be notarized. If a permit is issued, then one of the above types of permission must remain in effect for the life of the permit. If not, the permit may be revoked.

No location will be considered unless the application has been filed in the Highway Beautification Headquarters Office. Incomplete applications with accompanying fees will be returned without action.

Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)5(i).

Clear Channel submitted the application, along with the fee and other supporting documentation, to the Department's Nashville Office on October 19, 2005. On the application, Clear Channel listed itself as the "property owner." The application was received by the Department, reviewed for completeness, and the application was then forwarded to the Department's Region IV Office, which covers the Memphis area. Once received there, personnel began to substantively review the application to determine whether Clear Channel was eligible to receive the permits and whether the proposed location complied with spacing and other applicable rules. When the Department's Legal Office determined that Clear Channel was not the owner of the property in fee simple, but rather the owner of a perpetual easement on the property, Clear Channel was instructed to submit additional documentation and it promptly submitted a copy of a recorded "Grant of Perpetual Easements and Declaration of Restrictions." The Perpetual Easement, which was granted in 2001, established that Clear Channel has the right to build and maintain billboards on the proposed site in perpetuity.[4] After also determining the location did not encroach on any state highways or other right-of-ways or violate the spacing rule, the Department issued permits to Clear Channel. The Department then denied Thomas's applications based on the spacing rule.

Judicial review of decisions of administrative agencies, when those agencies are acting within their area of specialized knowledge, experience, and expertise, is governed by the narrow standard contained in Tennessee Code Annotated § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Willamette Indus., Inc. v. Tenn. Assessment Appeals Comm'n,* 11 S.W.3d 142, 147 (Tenn. Ct. App. 1999) (citing *Wayne Cnty. v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279-80 (Tenn. Ct. App. 1988)). "Where an administrative action is reasonable, it is not for the courts to dictate to the administrative authority a different action which . . . the courts might deem more reasonable." *Crites v. Smith* 826 S.W.2d 459, 466 (Tenn. Ct. App. 1991).

The trial court may reverse or modify the decision of the agency if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

---

[4] The current version of the Rule recognizes the owner of a permanent easement as a "property owner." Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)6(iv)(III)I (2012).

(1)     In violation of constitutional or statutory provisions;
(2)     In excess of the statutory authority of the agency;
(3)     Made upon unlawful procedure;
(4)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h)(1)-(5)(A). However, the trial court may not substitute its judgment concerning the weight of the evidence for that of the agency as to questions of fact. Tenn. Code Ann. § 4-5-322(h)(5)(B); *see also Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002). The same limitations apply to the appellate court. *See Humana of Tenn. v. Tenn. Health Facilities Comm'n*, 551 S.W.2d 664, 668 (Tenn. 1977) (holding the trial court, and this court, must review these matters pursuant to the narrower statutory criteria).

Courts generally defer to decisions of administrative agencies when those agencies are "acting within their area of specialized knowledge, experience, and expertise." *Willamette Indus., Inc.*, 11 S.W.3d at 146 (quoting *Wayne County*, 756 S.W.2d at 279). Whether Clear Channel's application was complete when filed on October 19, 2005, is a decision within the Department's area of specialized knowledge, experience, and expertise, as is the Department's decision to request additional information from Clear Channel and the Department's decision that the later-submitted proof was adequate to establish Clear Channel's right to maintain a billboard on the property. Accordingly, we defer to the Department's decisions on these matters.

Thomas is correct that the Department instructed Clear Channel to submit proof of permission from the fee simple property owner; however, there is no rule or regulation prohibiting the Department from requesting or gathering additional information when determining whether to grant an application. To the contrary, the rules require the Department to gather additional information to determine whether the applicant is eligible to receive the permits and whether the proposed location violates the spacing rule. *See e.g.,* Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)5(ii) ("The location on the application will be inspected in the field by the Department's outdoor advertising personnel."). Applying the deferential standard of review applicable to this appeal, we find no basis upon which to conclude that the Department's decision to request additional proof of Clear Channel's right to maintain a billboard on its proposed site violated Department procedure or rules or any other statutory or constitutional provisions. *See* Tenn. Code Ann. § 4-5-322(h).

Based upon the foregoing, we find no basis upon which to conclude that, by issuing the permits to Clear Channel in 2006, the Department acted in excess of the statutory authority of the agency; it made its decision upon an unlawful procedure; the decision was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The foregoing rulings by this court render any remaining issues moot.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the petitioner, William H. Thomas, Jr.

_____
FRANK G. CLEMENT, JR., JUDGE